UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| QUINGHE LIU a/k/a KING LIU,<br><br>　　　　　　Plaintiff,<br>v.<br><br>JOHN TANGNEY and AILING ZHOU,<br><br>　　　　　　Defendants. | Civil Action No.<br>3:19-cv-894 (CSH)<br><br>NOVEMBER 13, 2019 |

### RULING ON PLAINTIFF'S MOTION FOR PRESERVATION AND ACCESS TO RECORDS

**HAIGHT, Senior United States District Judge:**

　　Plaintiff brought this action on June 10, 2019, against a Norwich police officer and another individual alleging that he was subject to a malicious prosecution based on false statements. Doc. 1 (Complaint) ¶¶ 4–5, 10. Plaintiff was arrested and charged for assault, and on April 26, 2017, he was ultimately found not guilty. *Id.* ¶¶ 8–9.

　　Plaintiff has now filed a motion requesting that this Court enter an order for purposes of preserving Plaintiff's arrest records until the completion of the instant lawsuit. Doc. 11, at 2. Plaintiff also seeks access to such records. *Id.* at 3–4. Defendants have not filed any opposition.

　　Connecticut law provides that "[w]henever in any criminal case . . . the accused . . . is found not guilty of [a] charge . . . all police and court records and records of any state's attorney pertaining to such charge shall be erased." Conn. Gen. Stat. Ann. § 54-142a(a). However, "[e]rasure alone does not mean *the physical destruction of the documents*." *Doe v. Manson*, 183 Conn. 183, 185 (1981) (emphasis added). Rather, erasure "involves sealing the files and segregating them from

materials which have not been erased and protecting them from disclosure" except in limited, statutorily-authorized circumstances. *Id.* Thus, Plaintiff's concern that his records will be destroyed appears to be misplaced.[1]

Plaintiff cites to subsection (e) of Connecticut's erasure statute for the proposition that his records might be destroyed in the near future, presumably because almost three years have passed following his acquittal. Doc. 11, at 2. That provision provides that:

> Such clerk or such person, as the case may be, shall provide adequate security measures to safeguard against unauthorized access to or dissemination of such records or upon the request of the accused cause the actual physical destruction of such records, except that such clerk or such person shall not cause the actual physical destruction of such records until three years have elapsed from the date of the final disposition of the criminal case to which such records pertain.

Conn. Gen. Stat. Ann. § 54-142a(e)(1).

In contrast to Plaintiff's assertions, though, the statute "explicitly provides that it is only *'upon the request of the accused'* that 'actual physical destruction of such records' should or could take place." *Gagain v. Scirpo*, No. 09-cv-571 (CSH), 2013 WL 6839466, at *4 (D. Conn. Dec. 27, 2013). And, the statute does not provide that records will be automatically destroyed after three years—rather, three years is the point after which the clerk is permitted to destroy the records (at the request of the accused). *See id.* Thus, at this juncture, this Court need not enter an order preserving

---

[1] If it becomes clear that, following the inception of the instant lawsuit, Plaintiff's arrest records were physically destroyed, Plaintiff could potentially seek a court's adverse instruction or sanctions for spoliation. *See, e.g.*, *Gagain v. Scirpo*, No. 09-cv-571 (CSH), 2013 WL 6839466, at *8 (D. Conn. Dec. 27, 2013). "Spoliation is the destructive or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably forseeable litigation." *West v. Goodyear Tire and Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (citation omitted). A party's "obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when [that] party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001).

Plaintiff's records.

In any event, the Court is not yet convinced that it is permitted to issue such an order; nor, for that matter, grant Plaintiff's second request—*i.e.*, an order directing the Norwich police department to provide Plaintiff access to his arrest records. Doc. 11, at 3–4. This Court previously addressed an analogous question in *Edwards v. Stewart*, No. 15-cv-1257 (CSH), slip. op. (D. Conn. Oct. 5, 2015), albeit in the context of section 54-142a(f). In that case, and in response to the defendants' motion seeking disclosure of police and court records, I explained that the motion:

> [B]elies a fundamental misunderstanding of our federalist system and therefore fails to address a vital question: while Defendants address *what* the state of Connecticut allows to be disclosed to certainly situated defendants, they omit any discussion as to *who may order* that disclosure. This question is paramount because the Constitution places strict limits on the powers of federal judges with respect to the states. Absent express consent by the state, the Eleventh Amendment serves as a jurisdictional bar prohibiting federal courts from issuing orders directing state officials to conform their conduct to state law. *See Pennhurst v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."). This Court is without authority to order Connecticut government officials to disclose documents related to the Plaintiff's criminal proceeding.

*Id.* at 2–3.

In the instant case, Plaintiff has not submitted any authorities demonstrating that Connecticut has consented to a federal court ordering disclosure (or preservation) of records pursuant to Conn. Gen. Stat. Ann. § 54-142a. Thus, the Court assumes, without deciding, that the reasoning in *Edwards* applies to the provisions at issue in the instant motion.

Lastly, Plaintiff has not explained if and why he has been unable to obtain access to his records in accordance with the statute's existing procedure. Subsection (e)(1) provides that:

> [A]ny person charged with retention and control of such records in the records center of . . . any law enforcement agency having information contained in such erased records shall not disclose to anyone, *except the subject of the record, upon submission pursuant to guidelines prescribed by the Office of the Chief Court Administrator* of satisfactory proof of the subject's identity.

Conn. Gen. Stat. Ann. § 54-142a(e)(1) (emphasis added). Indeed, "the statute makes provisions for limited access to such 'erased' records, access which includes requests from the subject of such documents." *Gagain*, 2013 WL 6839466, at *4 (citing Conn. Gen. Stat. Ann. § 54-142a(e)(1)).

In this regard, Plaintiff's citation to *State v. Anonymous*, 237 Conn. 501 (1996) is inapposite and it is further evidence that Plaintiff may be unaware of section 54-142a(e)(1)'s framework that permits "the subject of the record" to obtain access to his or her own records. Conn. Gen. Stat. Ann. § 54-142a(e)(1). In *State v. Anonymous*, a municipality—*i.e.*, not "the subject of the record"—sought access to an individual's records after he filed a motion in the trial court to compel destruction of the records. *Id.* at 508–09. In contrast, Plaintiff in this case is "the subject of the record"; and, therefore, he should presumably have access to his own records, after complying with the "guidelines prescribed" by the erasure statute. Conn. Gen. Stat. Ann. § 54-142a(e)(1).

Therefore, for the reasons discussed above, Plaintiff's motions [Doc. 11] are DENIED WITHOUT PREJUDICE. The Court will consider Plaintiff's motions anew if he is unable to obtain his records in accordance with Conn. Gen. Stat. Ann. § 54-142a(e)(1).

It is SO ORDERED.

Dated: New Haven, Connecticut
       November 13, 2019

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge