UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

QUINGHE LIU a/k/a KING LIU,

    Plaintiff,

v.

JOHN TANGNEY and AILING ZHOU,

    Defendants.

Civil Action No.
3:19-cv-894 (CSH)

JUNE 5, 2020

## RULING ON DEFENDANT ZHOU'S MOTION TO DISMISS

**HAIGHT, Senior United States District Judge:**

  Plaintiff Quinghe Liu, who is also known as King Liu ("Plaintiff"), a resident of Norwich, Connecticut, instituted this action against John Tangney ("Tangney" or "Defendant Tangney"), an officer in the Norwich Police Department ("NPD") and Ailing Zhou, who is also a resident of Norwich ("Zhou" or "Defendant Zhou"; and, collectively with Defendant Tangney, "Defendants"). Doc. 1 ("Compl."). Plaintiff alleges that Zhou falsely accused Plaintiff of committing an assault against her; and, on the basis of those false statements, Tangney secured a warrant and arrested Plaintiff.

  Plaintiff claims that Tangney violated his right to be free from malicious prosecution, in violation of the Fourth Amendment to the United States Constitution. *Id.* ¶ 10.[1] Plaintiff also claims

---

[1] Plaintiff brings this claim pursuant to 42 U.S.C. § 1983 ("section 1983") to vindicate his alleged Fourth Amendment violations. "Section 1983 does not itself confer substantive rights on a plaintiff, but is instead the means by which an injured party may seek vindication." *Youngs v. Fusaro*, 179 F. Supp. 3d 198, 204 (D. Conn. 2016). The statute provides, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United

that both Defendants violated Plaintiff's right to be free from malicious prosecution under the common law of the State of Connecticut. *Id.* ¶ 11.

Pending before the Court is Defendant Zhou's motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6). Doc. 25 ("Zhou's Mem. in Supp."). Plaintiff opposes Zhou's motion. Doc. 26 ("Pl.'s Mem."). Defendant Tangney has not filed his own motion nor any documents in support of Defendant Zhou's motion. This Ruling resolves the motion regarding Plaintiff's claims against Zhou.

## I. BACKGROUND

The facts herein are taken from the allegations in Plaintiff's Complaint, which are accepted as true only for purposes of this Ruling.

On August 22, 2015, Defendant Zhou stated to Defendant Tangney that Plaintiff had assaulted her and had inflicted physical injuries to her body. *Id.* ¶ 6. Zhou also stated to Tangney that the assault caused significant bruising. *Id.*

In response to those allegations, Tangney sought a warrant to arrest Plaintiff for assault. *Id.* ¶ 7. In the warrant application, Tangney relayed Zhou's accusations regarding Plaintiff—*i.e.*, that Plaintiff assaulted her and caused physical injury. *Id.* Tangney omitted from the application, however, that Zhou did not, in fact, exhibit any bruising, despite having told Tangney that the assault had occurred recently. *Id.* The warrant was ultimately granted. *Id.* ¶ 7.

Plaintiff was arrested, taken into custody, and formally charged with the crime of assault in

---

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

the third degree. *Id.* ¶ 8. Plaintiff hired defense attorneys, appeared in court many times, and was tried on the assault charges. *Id.* A superior court jury ultimately acquitted Plaintiff. Plaintiff allegedly suffered fear, anxiety, and emotional distress, and seeks to recover from Defendants damages, attorney's fees, and costs. *Id.* ¶ 8–9.

## II.   STANDARDS OF REVIEW

### A.   Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction is governed by Fed. R. Civ. P. 12(b)(1), under which a case must be dismissed "when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). When addressing a challenge to subject matter jurisdiction under Rule 12(b)(1), a court may look beyond the pleadings and consider any evidence. Both the moving and non-moving parties "may use affidavits and other materials beyond the pleadings themselves in support or in opposition to a challenge to subject matter jurisdiction." *Tuccio Development, Inc. v. Town of Ridgefield*, No. 06 Civ. 1821, 2008 WL 749855 at *1 (D. Conn. March 19, 2008) (citation and internal quotation marks omitted). The "district court also may inquire, by affidavits or otherwise, into the facts as they exist." *Id.* (citation and internal quotation marks omitted).

A plaintiff asserting that subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). All ambiguities and inferences will be drawn in the plaintiff's favor. *See id.* The function of a motion to dismiss under Rule 12(b)(1) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof" and, accordingly, the "issue on a motion to dismiss is not whether the plaintiff will prevail, but whether

3

the plaintiff is entitled to offer evidence to support his claims." *Bici v. Napolitano*, No. 10 Civ. 1991 (AWT), 2012 WL 642781, at *1 (D. Conn. Feb. 28, 2012) (citations and internal quotation marks omitted).

**B.      Failure to State a Claim**

On a motion to dismiss for failure to state a claim, which is governed by Fed. R. Civ. P. 12(b)(6), "the issue is 'whether the claimant is entitled to offer evidence to support the claims.'" *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1984)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard creates a "two-pronged approach" which is based on "[t]wo working principles." *Iqbal*, 556 U.S. at 678–79.

First, all factual allegations in the complaint must be accepted as true; and all reasonable inferences must be drawn in the favor of the non-moving party. *See id.*; *see also Gorman v. Consolidated Edison Corp.*, 488 F.3d 586, 591-92 (2d Cir. 2007) (citation omitted). The presumption of truth does not extend, however, to "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Second, "a complaint that states a plausible claim for relief" will survive a motion to dismiss and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679) (internal quotation marks omitted). "Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate

when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Associated Fin. Corp. v. Kleckner*, 480 F. App'x 89, 90 (2d Cir. 2012) (citation and internal quotations marks omitted).

### III.   DISCUSSION

**A.   Section 1983 Claim**

Defendant Zhou brings a number of arguments in support of her motion to dismiss: (1) that Plaintiff's claim is time-barred because its three year statute of limitations has passed; (2) that she is not a state actor and therefore a section 1983 claim is inappropriate; and (3) that Plaintiff has failed to state a plausible claim for relief. The Court will address each argument in order.

**1.   *Statute of Limitations***

Courts generally address challenges to a court's subject matter jurisdiction prior to addressing other challenges. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter."); *United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993) (noting that a "court should consider [a] Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined"). For these reasons, the Court first turns to Defendant Zhou's argument that the Court lacks subject matter jurisdiction because Plaintiff's federal claim is barred by the applicable statute of limitations.

"[A]ctions brought under § 1983 must 'borrow' the 'most appropriate or most analogous' state statute of limitations." *Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005) (citation omitted).

In this case, both parties (Plaintiff and Defendant Zhou) contend that Connecticut's three year statute of limitations applies to Plaintiff's federal claim. *See* Conn. Gen. Stat. Ann. § 52-577.[2] The Court agrees with this conclusion. *See Shand v. Chapdelaine*, No. 19 Civ. 755 (CSH), 2019 WL 2302513, at *3 (D. Conn. May 30, 2019) ("The limitations period for filing a section 1983 action in Connecticut is three years." (citation omitted)).

The central disagreement is when that three year clock began to run. Zhou appears to claim that the three year period began accruing at the time of Plaintiff's arrest. *See* Zhou's Mem. in Supp. at 7–8 (noting that Plaintiff was arrested in August 2015, and "[a]ny action relating to the Plaintiff's Fourth Amendment claim for wrongful detention should have been brought no later than 2018, as it would have been within three years of when it occurred"). Plaintiff, in contrast, argues that his claim began to accrue when he was subsequently acquitted. *See* Pl.'s Mem. at 8 ("The statute of limitations for a malicious prosecution action does not begin to run until the plaintiff receives a favorable termination of the underlying prosecution – in this case, acquittal by a jury.").

The Court agrees with Plaintiff. As Plaintiff points out, the Second Circuit has previously explained that a section 1983 claim for malicious prosecution begins to accrue "when the underlying criminal action is conclusively terminated"—not necessarily at the time of arrest. *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995); *Nowacki v. Town of New Canaan*, No. 16 Civ. 407 (JAM), 2017 WL 1158239, at *8 (D. Conn. Mar. 28, 2017) ("[T]he statute of limitations for a malicious prosecution claim under § 1983 does not begin to run until criminal proceedings terminate in a plaintiff's favor." (citations omitted)). In *Murphy*, the court concluded that the plaintiff's malicious

---

[2] Conn. Gen. Stat. Ann. § 52-577 (captioned "[a]ction founded upon a tort") provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

prosecution claim was timely because "the underlying criminal action was terminated in December of 1990"—in that case, because of the dismissal of all criminal charges—which occurred "less than three years before the filing of th[e] action." *Murphy*, 53 F.3d at 548 (2d Cir. 1995).

Although the termination of proceedings in *Murphy* involved the dismissal of charges, rather than an acquittal similar to the case at bar, the principle remains the same. *See, e.g.*, *Janetka v. Dabe*, 892 F.2d 187, 190 (2d Cir. 1989) (noting that an acquittal represents a termination of judicial proceedings for purposes of a malicious prosecution claim). In the case at bar, Plaintiff was found not guilty on April 26, 2017. Compl. ¶ 1. Plaintiff filed the instant action on June 10, 2019—less than three years after his criminal action was "conclusively terminated" upon his acquittal. *Murphy*, 53 F.3d at 548. Plaintiff's section 1983 claim is therefore timely.

Zhou cites to *Walker v. Jastremski*, 430 F.3d 560 (2d Cir. 2005), to bolster her argument that Plaintiff's claim began to accrue upon his arrest. *Walker*, however, does not support that argument. In *Walker*, the Second Circuit concluded that a lawsuit alleging that law enforcement officials fabricated evidence in an unsuccessful criminal prosecution was properly dismissed because it was "barred by the three-year statute of limitations applicable to tort claims brought in Connecticut under 42 U.S.C. § 1983." *Id.* at 561 (citing Conn. Gen. Stat. Ann. § 52-577). But the court noted that the accrual period began when the plaintiff's charges were dismissed (similar to *Murphy*, discussed *supra*); the accrual period did not begin when the plaintiff was initially arrested. According to the court of appeals:

> The case arises from a criminal prosecution brought against Walker in Milford Superior Court that was *dismissed* on April 16, 1991 for insufficient evidence. It is undisputed that the statute of limitations for a § 1983 suit arising from that prosecution ran from that date until three years thereafter, or April 16, 1994.

7

*Walker*, 430 F.3d at 562 (emphasis added).

*Walker*, therefore, does not change the Court's analysis. Plaintiff in the instant case was found not guilty on April 26, 2017. The statute of limitations would not have run until three years thereafter, or April 26, 2020. Plaintiff filed his lawsuit before that date, and it was thus timely.

### 2. *State Actor Requirement*

Zhou next argues that any federal section 1983 claim against her should be dismissed because she is not a state actor, which is a requirement under section 1983.

"A plaintiff must establish that 'a person acting under color of state law deprived him of a federal right' to succeed on a § 1983 claim." *Youngs*, 179 F. Supp. 3d at 204 (quoting *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999)). That remains true for malicious prosecution claims brought under section 1983. *See Spak v. Phillips*, 857 F.3d 458, 461 n.1 (2d Cir. 2017) ("Under our precedent, such a suit [for malicious prosecution under section 1983] is proper where: (1) the defendant is a *state actor*, and (2) the plaintiff who was subject to malicious prosecution was also subject to arrest or seizure within the meaning of the Fourth Amendment." (emphasis added)).

Plaintiff does not dispute this contention. In fact, Plaintiff describes Zhou as a "civilian," Compl. ¶ 5, and concedes that the "Complaint makes no Fourth Amendment claim against defendant Zhou," Pl.'s Mem. at 6. Rather, according to Plaintiff, the Complaint "asserts only a Connecticut common law malicious prosecution claim against [Zhou]." *Id.*[3] Accordingly, any claim against

---

[3] The Court agrees with Plaintiff's assertion. Plaintiff's Complaint only alleges that "*defendant Tangney* violated the plaintiff's right to be free from malicious prosecution, a right secured to the plaintiff by the Fourth Amendment to the United States Constitution as enforced through Sections 1983." Compl. ¶ 10 (emphasis added). In contrast, the Complaint brings state law malicious prosecution claims against both Defendants: "*both defendants* violated the plaintiff's right to be free from malicious prosecution in violation of the common law of the State of Connecticut."

Defendant Zhou under section 1983—if the Court were to construe one from the Complaint—is dismissed.

**B.   State Malicious Prosecution Claim**

Zhou also claims that Plaintiff's Complaint fails to state a claim for malicious prosecution under Connecticut common law. Zhou's Mem. in Supp. at 5–7. According to Zhou, Plaintiff's Complaint "falls short on the four elements." *Id.* at 7.[4]

Pursuant to Connecticut state law, the elements of a malicious prosecution claim are that: "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *McHale v. W.B.S. Corp.*, 187 Conn. 444, 447 (1982) (collecting cases).

---

*Id.* ¶ 11 (emphasis added).

[4] Although Plaintiff has not brought any federal claims against Defendant Zhou, the Court still maintains jurisdiction over Plaintiff's state law claim against Zhou because of "pendent party jurisdiction" under 28 U.S.C. § 1367, which "applies where the state law claim in question arises out of the same set of facts that give rise to an anchoring federal question claim." *Kirschner v. Klemons*, 225 F.3d 227, 239 (2d Cir. 2000) (ruling that a "district court may exercise pendent jurisdiction over the state law claims against" the defendant because the court reinstated the plaintiff's federal section 1983 claim against the defendant (citing 28 U.S.C. § 1367)); *Sullivan v. Metro-N. R.Co.*, 179 F. Supp. 2d 2, 6 (D. Conn. 2002) (summarizing "pendent party jurisdiction" and finding that, "the state law claims asserted against the Town Defendants are so related to the federal claim against Metro–North that they are part of the same case"). Additionally, the Court does not see any reason to decline to exercise jurisdiction under the present circumstances, particularly because Defendant Tangney has not moved to dismiss the federal claim that Plaintiff brought against him. *See* 28 U.S.C. § 1367(c) (noting that a court may decline to exercise supplemental jurisdiction for a number of reasons—most relevant to the case at bar, if "the district court has dismissed all claims over which it has original jurisdiction").

The Connecticut Supreme Court has stated that the first element of a malicious prosecution claim provides a limited immunity to private citizens who provide truthful information to law enforcement. *Id.* at 448. According to the court:

> The policy of encouraging private citizens to assist in law enforcement is vindicated, in the law of malicious prosecution, by providing a limited immunity in the form of the first element that the plaintiff must prove to maintain his cause of action. A private person can be said to have initiated a criminal proceeding if he has insisted that the plaintiff should be prosecuted, that is, if he has brought pressure of any kind to bear upon the public officer's decision to commence the prosecution. But a private person has not initiated a criminal proceeding if he has undertaken no more than to provide potentially incriminating information to a public officer. In such a case, if the defendant has made a full and truthful disclosure and has left the decision to prosecute entirely in the hands of the public officer, he cannot be held liable for malicious prosecution.

*Id.*

However, the Connecticut Supreme Court has cautioned that "a private person cannot escape liability if he knowingly presents information that is false." *Id.* at 449. For obvious reasons, "false information necessarily interferes with the intelligent exercise of official discretion." *Id.*

More recently, the Connecticut Supreme Court has reiterated the principle that a *private citizen*—*i.e.*, an individual who is not associated with law enforcement, such as Defendant Zhou—is not entitled to immunity if the individual knowingly provides false information to law enforcement. In *Bhatia v. Debek*, 287 Conn. 397 (2008), the court stated:

> Turning to the nature of the initiation element, we emphasize that a defendant is entitled to the limited immunity provided by this element only if the defendant has made a full and truthful disclosure. . . . We explained the effect of this condition precedent in *McHale*: [A]private person cannot escape liability if he knowingly presents information that is false. In other words, a private citizen who knowingly provides false information to a public officer is not entitled to the

10

>limited immunity provided under the initiation element, even if that person brought no pressure to bear on the public officer and left the decision to prosecute entirely in the hands of that public officer.

*Id.* at 407 (citation and internal quotation marks omitted).[5]

Turning to the case at bar, the Court concludes that Plaintiff has properly alleged the first element of a malicious prosecution claim. According to Plaintiff, Defendant Zhou "falsely and maliciously" stated to Defendant Tangney that Plaintiff "had assaulted her and had inflicted physical injuries over many portions of her body, causing significant bruising." Compl. ¶ 6. Accepting these allegations as true, as the Court must for purposes of this motion to dismiss, Plaintiff has sufficiently alleged that Zhou initiated or procured the institution of criminal proceedings against Plaintiff by knowingly providing false information to a law enforcement official.

Turning to the second element of Plaintiff's malicious prosecution claim, it is undisputed that the criminal proceedings have terminated in favor of Plaintiff: Plaintiff was found not guilty after a jury trial. *See Harasz v. Katz*, 239 F. Supp. 3d 461, 475 (D. Conn. 2017) (for purposes of a malicious prosecution claim, noting that "it is undisputed that criminal proceedings were commenced against [the plaintiff and an additional individual], which were terminated in their favor: [the plaintiff] was found not guilty after a bench trial"); *see also Roberts v. Babkiewicz*, 582 F.3d 418, 420–21 (2d Cir. 2009) ("Connecticut law adopts a liberal understanding of a favorable termination for the purposes of a malicious prosecution claim.").

---

[5] This Court has previously interpreted Connecticut law in this way. *See, e.g.*, *Turner v. Boyle*, 116 F. Supp. 3d 58, 85 (D. Conn. 2015) (noting that under Connecticut state law, a private individual may be held liable for initiating a criminal proceeding "if he has insisted that the plaintiff should be prosecuted"—for example, by bringing "pressure of any kind to bear upon the public officer's decision to commence the prosecution"; or if he "knowingly provides false information to a public officer . . . , even if that person brought no pressure to bear on the public officer and left the decision to prosecute entirely in the hands of that public officer." (citation omitted)).

Defendant Zhou next challenges the third prong of Plaintiff's common law claim—namely, that Plaintiff was arrested without probable cause. Zhou's Mem. in Supp. at 7. According to Zhou, "the fact that a Superior Court Judge agreed that probable cause existed to justify issuing a warrant for the Plaintiff's arrest for third degree assault is fatal to the case." *Id.*

Zhou is not entirely correct that she is insulated from liability because a neutral magistrate judge issued an arrest warrant on the basis of probable. While it is true that "[t]he existence of probable cause is an absolute protection against an action for malicious prosecution," Plaintiff is nevertheless entitled to challenge the underlying probable cause finding. *Bhatia*, 287 Conn. at 411 (citation and internal quotation marks omitted).

Under Connecticut law of malicious prosecution, probable cause is:

> [T]he knowledge of facts sufficient to justify a reasonable [person] in the belief that he has reasonable grounds for prosecuting an action.... Mere conjecture or suspicion is insufficient. . . . Moreover, belief alone, no matter how sincere it may be, is not enough, since it must be based on circumstances which make it reasonable.

*Bhatia*, 287 Conn. at 410 (citation and internal quotation marks omitted). "Although want of probable cause is negative in character," according to the Connecticut Supreme Court, "the burden is upon the plaintiff to prove affirmatively, by circumstances or otherwise, that the defendant had no reasonable ground for instituting the criminal proceeding." *Id.* at 410–11 (citation and internal quotation marks omitted).

This Court has previously addressed this prong of a malicious prosecution claim. In *Turner v. Boyle*, 116 F. Supp. 3d 58 (D. Conn. 2015), Judge Underhill summarized the state of the law:

> In criminal cases, "probable cause is broadly defined" and must be based upon "facts as would reasonably persuade an impartial and reasonable mind . . . to believe that criminal activity has occurred."

> *State v. Johnson*, 286 Conn. 427, 435–36 (2008). Because an arrest warrant may issue only upon a finding of probable cause, federal courts have held that it is "objectively reasonable for [police] officers to believe there was probable cause" upon "the issuance of a warrant by a neutral magistrate." *Golino v. City of New Haven, Conn.*, 950 F.2d 864, 870 (2d Cir. 1991) (citing *United States v. Ventresca*, 380 U.S. 102, 109 (1965)). As a result, a plaintiff "who argues that a warrant was issued on less than probable cause faces a heavy burden" and must make a "substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was necessary to the finding of probable cause." *Id.*

*Id.* at 86–87 (some citations omitted).

In the case at bar, Plaintiff has sufficiently alleged the lack of probable cause prong of a malicious prosecution claim. Plaintiff claims that Zhou "falsely" stated to Tangney "that the plaintiff had assaulted her and had inflicted physical injuries over many portions of her body, causing significant bruising." Compl. ¶ 6. Plaintiff further characterizes these statements as "false allegations," and asserts that Defendant Tangney relied on them in his warrant application. *Id.* ¶ 7. Although the allegations are sparse, taking them as true and construing them in a light most favorable to Plaintiff, the Complaint appears to allege that Zhou knowingly provided false information to a government official, which is sufficient for Plaintiff's malicious prosecution claim. *Cf. Turner*, 116 F. Supp. 3d at 87 (for purposes of a malicious prosecution claim, the plaintiff failed to allege that a law enforcement official acted without probable cause because the plaintiff did "not contest the truth of the statements set forth in [the official's] affidavit"); *Acevedo v. Sklarz*, 553 F. Supp. 2d 164, 172 (D. Conn. 2008) (granting summary judgment to the defendant, a private citizen, on a malicious prosecution claim because "her statement [to law enforcement] contain[ed] no knowingly false, material information").

13

The final element of Plaintiff's malicious prosecution claim is whether Defendants acted with "malice."[6] In an analogous case, I have previously discussed this element of the cause of action:

> [R]egardless of whether probable cause existed, Plaintiff has failed to make any allegations that support malice on the part of Defendant Garcia or any other state employee, including Defendant Fox. In order to succeed on that claim, Plaintiff must plead and prove by *direct evidence or a compelling inference that Defendants were motivated by an evil or unlawful purpose.*
>
> No such purpose is evident from Plaintiff's allegations in the Complaint and there are no inferences to be made regarding such a purpose based on Plaintiff's allegations. Plaintiff argues that there are a number of reasons that could have motivated his malicious prosecution in responding to Defendants' motion and that such facts may be discoverable at later stages of the litigation. However, even assuming Plaintiff had alleged these reasons in his Complaint, which he did not, it is now well established that to survive a motion to dismiss, a plaintiff suing for malicious prosecution must allege facts sufficient to state a plausible claim that defendant acted with malice.

*Cornelio v. Connecticut*, No. 16 Civ. 1421 (CSH), 2017 WL 2271667, at *11 (D. Conn. May 24, 2017), *aff'd*, 708 F. App'x 41 (2d Cir. 2018) (emphasis added; citations and internal quotation marks omitted); *see also Harasz*, 239 F. Supp. 3d at 478 (surveying state and federal case law and noting that a plaintiff in a malicious prosecution action must allege that the defendant "was motivated by an evil or unlawful purpose").

In the case at bar, Plaintiff has failed to sufficiently allege that Defendants acted with malice. Plaintiff makes conclusory assertions that "Zhou falsely and maliciously stated to . . . Tangney that the plaintiff had assaulted her" and that Tangney "maliciously and intentionally omitted" information from the warrant application. Compl. ¶¶ 6–7. Plaintiff's Complaint, however—and brief in

---

[6] Again, as noted above, although Defendant Zhou does not extensively brief this issue, she does state that Plaintiff's Complaint "falls short on the four elements" of a malicious prosecution claim. Zhou's Mem. in Supp. at 7.

opposition to Defendant's motion, for that matter—fail to allege by direct evidence or a compelling inference that Defendant Zhou "was motivated by an evil or unlawful purpose." *Harasz*, 239 F. Supp. 3d at 478.

Plaintiff's allegations are even weaker than those in *Cornelio*, which the Court cited *supra*. In that case, the plaintiff argued that there were a number of reasons that could have motivated his malicious prosecution, and that such facts would be discoverable at later stages of the litigation. *See Cornelio*, 2017 WL 2271667, at *11. The Court concluded, however, that the plaintiff's bald assertions were insufficient to state a claim for malicious prosecution. *See id.* In the instant case, Plaintiff's submissions do not even provide a conjecture regarding Defendants' motives—let alone legally sufficient allegations—and therefore his claim is insufficient to meet the requisite pleading standards. *See Biro v. Conde Nast*, 807 F.3d 541, 545 (2d Cir. 2015) ("It follows that malice must be alleged plausibly in accordance with Rule 8."). Plaintiff has therefore failed to allege facts sufficient to state a plausible claim that Defendant Zhou acted with malice. Accordingly, Plaintiff's state common law malicious prosecution claim against Zhou must be dismissed.[7]

---

[7] Although Defendant Tangney has not joined Defendant Zhou's motion to dismiss, the Court believes that Plaintiff's federal and state law claims against Tangney might suffer from a similar deficiency—namely, Plaintiff's failure to sufficiently allege the malice prong of his malicious prosecution claims. *See, e.g.*, *Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n. 6 (2d Cir. 1990) ("*[S]ua sponte* dismissal of the complaint with respect to [non-moving defendant] is appropriate here, because the issues concerning [non-moving defendant] are substantially the same as those concerning the other defendants, and [plaintiff] had notice and a full opportunity to make out his claim."). Similar to Plaintiff's allegations regarding Zhou, Plaintiff's only claims regarding Tangney are that: "[i]n his application for the said warrant, and in his accompanying official report to the prosecuting attorney, the defendant Tangney repeated the false accusations which had been made by defendant Zhou but maliciously and intentionally omitted the crucial fact that, although defendant Zhou claimed that the assault had taken place only very recently, she exhibited no bruising whatsoever." Compl. ¶ 7. Despite this possible deficiency, the Court declines at this time to *sua sponte* dismiss Plaintiff's claims against Tangney, particularly because, as noted *infra*, the Court grants Plaintiff leave to file an Amended Complaint.

## IV. <u>CONCLUSION</u>

For the reasons discussed herein, Plaintiff's state law claim against Defendant Zhou is DISMISSED. The dismissal, however, is WITHOUT PREJUDICE to re-pleading to address the issues set forth in this Opinion. Additionally, this dismissal does not affect Plaintiff's federal or state claims against Defendant Tangney. Leave is granted to file an Amended Complaint, which must comply with Rule 11 of the Federal Rules of Civil Procedure, not later than **July 5, 2020**.

It is SO ORDERED.

Dated: New Haven, Connecticut
June 5, 2020

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior U.S. District Judge
