UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

QUINGHE LIU a/k/a KING LIU,

    Plaintiff,

v.

JOHN TANGNEY AND AILING ZHOU,

    Defendants.

Case No. 3:19-cv-894

JUNE 30, 2021

# MEMORANDUM AND ORDER ON
# DEFENDANT AILING ZHOU'S SECOND MOTION TO DISMISS

**HAIGHT, Senior District Judge:**

Plaintiff Quinghe Liu, a resident of Norwich, Connecticut also known as King Liu ("Liu"), has brought this action against Defendant Ailing Zhou ("Zhou"), another resident of Norwich, and Defendant John Tangney ("Tangney"), an officer in the Norwich Police Department, alleging that Zhou falsely accused Liu of assaulting her and that Tangney intentionally secured a warrant and arrested Liu on the basis of those false allegations. *See generally* Doc. 1 ("Compl."); *see also* Doc. 28 ("Am. Compl."). Liu claims that Tangney thereby violated his right to be free from malicious prosecution, in violation of the Fourth Amendment to the federal Constitution. Compl. ¶ 10; Am. Compl. ¶ 10. Liu additionally claims that both Tangney and Zhou violated his right to be free from malicious prosecution under the common law of the State of Connecticut. Compl. ¶ 11; Am. Compl. ¶ 11.

After Liu filed his original Complaint, Zhou moved to dismiss the claims asserted against her pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, a motion

which Liu opposed. *See* Docs. 25–26.[1] In a decision reported at 2020 WL 3036017, the Court granted Zhou's motion to dismiss pursuant to Rule 12(b)(6), but granted Liu leave to amend his Complaint to address the pleading deficiencies identified and discussed in that opinion. Liu timely filed his Amended Complaint, and Zhou once again has moved to dismiss pursuant to Rule 12(b)(6), with Liu duly filing a memorandum in opposition. *See* Doc. 29 ("Zhou Mot."); Doc. 30 ("Liu Opp."). This Ruling now resolves Zhou's motion.

**BACKGROUND**

The Court assumes the parties' familiarity with the allegations of the Amended Complaint and shall therefore only briefly review them here. These allegations are accepted as true only for purposes of the present opinion.

Liu alleges that, on August 22, 2015, Zhou stated to Tangney that Liu had assaulted her, injuring her and causing "significant bruising." Am. Compl. ¶ 6. Liu claims, however, that Zhou "knew that these accusations were false and she made them for the specific purpose of causing [Liu] to be arrested and prosecuted . . . ." *Id*. Liu asserts that Zhou acted thus because she wished "to sever her longstanding relationship with [Liu], to prevent [Liu] from having a relationship with their minor daughter, and to obtain money from [Liu]." *Id*.

Liu claims that, following Zhou's complaint, Tangney sought a warrant to arrest Liu for assault. *Id*. ¶ 7. In the warrant application, Tangney purportedly relayed Zhou's accusations regarding Liu, but he also allegedly omitted that Zhou did not actually exhibit any bruising, despite her having told Tangney that the assault had occurred "recently." *Id*. The warrant thereafter was granted, and Liu was arrested, taken into custody, and formally charged with the crime of assault

---

[1] Tangney did not move to dismiss Liu's original Complaint, nor has he moved to dismiss the Amended Complaint that is the subject of the present motion to dismiss by Zhou. However, Tangney has moved for summary judgment on Liu's claims. *See* Doc. 33. That motion remains pending before the undersigned, and the Court expresses no opinion about it at the present time.

in the third degree. *Id.* ¶¶ 7–8. Ultimately, a Connecticut Superior Court jury acquitted Liu. *Id.* ¶ 9. Liu states that he suffered fear, anxiety, and emotional distress resulting from this experience, and he seeks to recover damages, attorney's fees, and costs. *Id.* ¶¶ 8, 11.

## LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), "the issue is 'whether the claimant is entitled to offer evidence to support the claims.'" *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). *See also Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) ("[T]he court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side."). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When deciding a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations in the complaint as true, as well as draw all reasonable inferences in favor of the non-moving party. *See id.*; *see also Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591–92 (2d Cir. 2007). However, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted)). *See also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Twombly*, 550 U.S. at

555)). Ultimately, "whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### DISCUSSION

In her present motion, Zhou makes two arguments. First, Zhou asserts that Liu's Amended Complaint does not contain facts sufficient to make out the first element of a claim for common law malicious prosecution because "the Amended Complaint, like the Original, fails to allege what specific charge was procured and what the underlying facts were." Zhou Mot. at 5. In particular, Zhou takes issue with the fact that the Amended Complaint does not specify *which* charge of assault Zhou allegedly procured against Liu pursuant to Conn. Gen. Stat. § 53a-61(a). *Id.* at 4. Zhou's second argument, which is derivative of the first, is that the Amended Complaint does not set forth facts sufficient to suggest that probable cause for Liu's arrest and prosecution was lacking because the Amended Complaint "fails to set forth how [Liu] would allege [Zhou] materially misstated or misrepresented facts to fit any of, or which, of the three circumstances envisioned by Connecticut Gen. Stat. § 53a-61(a) was in fact operative." *Id.* at 5. Zhou further urges that "The fact that a Superior Court Judge issued a warrant for [Liu's] arrest did constitute a decision that probable cause existed to issue the warrant." *Id.*

Liu responds that Zhou's argument that the Amended Complaint is insufficient to make out the first element of a malicious prosecution claim, because it does not allege which subsection of Connecticut's criminal code was described by her when she complained to Tangney, is unsupported by any relevant caselaw, since no case has ever held that such particulars must be pleaded. Liu Opp. at 1. Meanwhile, Liu's response to Zhou's argument regarding lack of probable

4

cause appears to be merely that Liu's factual allegations speak for themselves in demonstrating how probable cause was lacking. *See* Liu Opp. at 2.

Unaddressed by either party, however, is the fact that the Court previously has concluded—*as a matter of law*—that Liu's Complaint sufficiently pleaded facts bearing on the two elements of malicious prosecution that Zhou attempts to litigate here. In this Court's ruling on Zhou's first motion to dismiss, the Court concluded that Liu had pleaded facts that were sufficient to make out three of the four elements of a claim of malicious prosecution under Connecticut common law, when those facts were construed in the light most favorable to him as the Plaintiff and the opponent of Zhou's motion. *See* 2020 WL 3036017, at *5–*8. Specifically, the Court found that Liu adequately had alleged that Zhou "initiated or procured the institution of criminal proceedings against [Liu] by knowingly providing false information to a law enforcement official," that there was no dispute that the subsequent criminal proceedings had terminated in favor of Liu, and that Liu adequately had alleged that probable cause for his arrest was lacking because "the Complaint appears to allege that Zhou knowingly provided false information to a government official." *Id.* at *5–*7. However, the Court concluded that Liu's Complaint did not allege sufficient facts with respect to the fourth element required to state a claim for common law malicious prosecution—*i.e.*, that Zhou had acted with "malice." *Id.* at *8. Accordingly, the Court dismissed the malicious prosecution claim against Zhou, but this dismissal was without prejudice and with leave to replead as to the element of "malice." *Id.* at *9.[2]

---

[2] The Court's opinion additionally dismissed Liu's 42 U.S.C. § 1983 claim against Zhou—to the extent that Liu intended to assert such a claim against her—in light of the Complaint's characterization of Zhou as a "civilian" rather than as a state actor. *See* 2020 WL 3036017, at *4–*5. No leave was given to amend with respect to this putative count, and Liu's Amended Complaint does not appear to attempt to state a section 1983 claim against Zhou. *See generally* Am. Compl. ¶¶ 10–11.

5

Zhou's arguments attacking the sufficiency of Liu's pleading procurement and lack of probable cause, coming after those issues already have been considered and decided by the Court, fall within the scope of the doctrine of law of the case. "The law of the case doctrine stands for the simple proposition that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Republic of Turkey v. Christie's Inc.*, No. 17-civ-3086 (AJN), 2021 WL 1089487, at *2 (S.D.N.Y. Mar. 22, 2021) (quoting *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964)). "The doctrine 'seeks to ensure fair treatment of the parties and to promote judicial efficiency and finality of the proceedings by avoiding duplicative decisionmaking.'" *Casey v. United States*, 161 F. Supp. 2d 86, 91 (D. Conn. 2001) (quoting *Nat. Res. Def. Council, Inc. v. Fox*, 30 F. Supp. 2d 369, 374 (S.D.N.Y. 1998) and citing *Remington Prods., Inc. v. N. Am. Philips Corp.*, 755 F. Supp. 52, 54 (D. Conn. 1991)). The doctrine, to be sure, does not entirely prohibit a court from revisiting previously decided matters, as does *res judicata*. *See Arizona v. California*, 460 U.S. 605, 618 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power." (citing *Southern R. v. Clift*, 260 U.S. 316, 319 (1922) and *Messenger v. Anderson*, 225 U.S. 436, 444 (1912))); *see also Russo v. City of Hartford*, 419 F. Supp. 2d 134, 142 (D. Conn. 2006) ("In contrast to claim preclusion, law-of-the-case doctrine does not bar all matters that could have been decided in earlier proceedings." (citation omitted)). Nevertheless, a court generally will not reconsider its prior decisions absent "'cogent' or 'compelling' reasons including an intervening change in law, availability of new evidence, or 'the need to correct a clear error or prevent manifest injustice.'" *Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009) (citation omitted); *see also DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992).

Zhou's present motion offers no "compelling" reason to depart from the Court's prior decision. Zhou identifies no intervening change in the applicable law, nor does she identify any matters that the Court erroneously overlooked in its prior opinion. Indeed, the Court agrees with Liu that Zhou's primary argument—that procurement has not been adequately alleged because the particular charge of assault is unspecified in the Amended Complaint—is without any foundation in law: no case of which the Court is aware has found a complaint's factual allegations insufficient on such a basis.

The Court's own review of Liu's Amended Complaint reveals that it contains new allegations only with respect to the malice element, and otherwise does not materially differ from his original Complaint. *Compare* Compl. ¶¶ 6–9 *with* Am. Compl. ¶¶ 6–9. In particular, the Amended Complaint recites not only that Zhou made false allegations to Tangney concerning an assault by Liu, but that she did so "for the specific purpose of causing [Liu] to be arrested and prosecuted" and that she was motivated to do so "to sever her longstanding relationship with [Liu], to prevent [Liu] from having a relationship with their minor daughter, and to obtain money from [Liu]." Am. Compl. ¶ 6. Zhou appears not to take issue with the sufficiency these additional factual allegations, since she makes no argument that "malice" remains inadequately pleaded in the Amended Complaint. The Court, for its part, concludes that these are factual allegations that, if true, would tend to support the conclusion that Zhou acted "primarily for a purpose other than that of bringing an offender to justice." *Bhatia v. Debek*, 287 Conn. 397, 411 (2008) (quoting *McHale v. W.B.S. Corp.*, 187 Conn. 444, 447 (1982)). The Court therefore is satisfied that Liu now has pleaded the malice element of his malicious prosecution claim.

In sum, the Court has no reason to depart from its prior ruling, and there is no argument that Liu's Amended Complaint does not sufficiently allege the requisite malice by Zhou. Liu's

7

Amended Complaint, like the original Complaint, may be brief in relating its factual bases and claims, but having found those factual allegations sufficient, the proper way to dispose of the claims raised thereby is either by summary judgment or by trial on the merits. Therefore, Zhou's second motion to dismiss is DENIED.

## CONCLUSION AND ORDER

For the reasons set forth above, Zhou's second motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is DENIED. The parties are directed to meet and confer with respect to a schedule for summary judgment, in view of the fact that the deadline for such a motion has now passed. *See* Doc. 22. The parties shall file a joint status report with the Court regarding these matters not later than July 23, 2021.

It is SO ORDERED.

Dated: New Haven, CT
       June 30, 2021

                                               *s/ Charles S. Haight, Jr.*
                                               CHARLES S. HAIGHT, JR.
                                               Senior United States District Judge