UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| QUINGHE LIU<br>*Plaintiff*,<br>v.<br><br>JOHN TANGNEY,<br>AILING ZHOU<br>*Defendants.* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:19-CV-894 (OAW)<br><br><br><br><br><br>SEPTEMBER 21, 2022 |

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Quinghe Liu ("Plaintiff") brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging claims arising out of his arrest by the Norwich Police Department following a complaint of domestic violence made by his then-partner, Ailing Zhou ("Defendant Zhou"). Plaintiff alleges that he was arrested, prosecuted, and acquitted of the charge of assault in the third degree. In his Amended Complaint, Plaintiff asserts claims of malicious prosecution against both Defendant Zhou and Norwich Police Officer John Tangney ("Officer Tangney") (together, "Defendants"). Am. Compl., ECF No. 28. Defendants separately have moved for summary judgment. *See* ECF Nos. 33, 51. Prior to the present case being transferred to the undersigned, the court (*Hon. Charles S. Haight, Jr., J.*) referred Officer Tangney's motion to United States Magistrate Judge S. Dave Vatti for a recommended ruling. ECF No. 44. Judge Vatti recommends that Officer Tangney's motion be granted. ECF No. 50.

For the reasons stated herein, the court hereby **ADOPTS** Judge Vatti's recommended ruling (ECF No. 50), and **GRANTS** Officer Tangney's motion for summary judgment (ECF No. 33). The court **DENIES** Defendant Zhou's motion for summary judgment (ECF No. 51).

1

## I. BACKGROUND

The following facts are taken primarily from the parties' Local Rule 56(a) Statements of Undisputed Facts, as well as the record. *See* Def. Tangney's L.R. 56(a)(1) Stmt., ECF No. 33-2 [hereinafter "Officer Tangney's Stmt."]; Def. Zhou's L.R. 56(a)(1) Stmt., ECF No. 52-1 [hereinafter "Def. Zhou's Stmt."]; Pl.'s L.R. 56(a)(2) Stmt., ECF No. 34-1 [hereinafter "Pl.'s Stmt."]. All ambiguities in the record are construed in Plaintiff's favor. All facts are undisputed, unless indicated otherwise:

On August 22, 2015, Officer Tangney was dispatched to Mohegan Sun Tribal Police Headquarters in Uncasville, CT for a domestic abuse call. Officer Tangney's Stmt. at ¶ 1. Upon arrival, Officer Tangney interviewed Defendant Zhou. *Id.* Because she spoke only Mandarin Chinese, Defendant Zhou's co-worker assisted in interpreting the interview. *Id.*

Defendant Zhou stated that she and Plaintiff lived together, had been in a dating relationship of over eleven years, and have a daughter together. *Id.* at ¶ 2. Defendant Zhou reported that six days earlier, on August 16, 2015, she was at her apartment in Norwich baking pastries. *Id.* She gave a pastry to Plaintiff, who became very angry about the size of the pastry, yelling at her that it was wasteful to bake something so large. *Id.* at ¶ 3. Defendant Zhou told Officer Tangney that Plaintiff began to punch and pinch her on her arms, so she ran to her bedroom, and hid under the covers of her bed. *Id.* Plaintiff followed her into the bedroom, closed the door, and dragged Defendant Zhou out of the bed by her leg onto the bedroom floor. *Id.* at ¶ 4. Plaintiff then began to punch and pinch her on her upper legs. *Id.* According to Officer Tangney's arrest warrant, Defendant Zhou

"was unable to estimate how many times the accused assaulted her or how long the assault lasted." *Id.* at p. 16.

The interpreter then showed Officer Tangney photographs of the injuries that Defendant Zhou alleged that she had sustained during the assault. *Id.* at ¶ 5, p. 12. Plaintiff denies that the photographs portray the injuries Defendant Zhou sustained from the assault.[1] Pl.'s Stmt. at ¶ 5, ECF No. 34-1. At Plaintiff's criminal trial, Officer Tangney testified that during his interview with Defendant Zhou, he did not see any injuries on Defendant Zhou's face, nor any markings or bruising on her arms. Trial Tr. 48:20–21, 48:27–49:2, ECF No. 33-2 at 67–68. Officer Tangney further testified that he did not ask to view the rest of Defendant Zhou's body because "after viewing the pictures, there were no bruising on her arms and I did not ask her to remove any other clothing based on my – what I viewed on her arms." *Id.* at 49:19–22. Moreover, Officer Tangney testified that he was by himself, and "didn't have a female officer to observe." *Id.* at 49:7–9. The parties do not contest that Officer Tangney did not conduct an examination of Defendant Zhou beyond her face and arms.

---

[1] Plaintiff fails to provide any citation for denying that the photographs shown to Officer Tangney were of "the injuries Defendant Zhou sustained due to the assault." Def. Tangney Stmt. at ¶ 5; Pl.'s Stmt. at ¶ 5. The Local Rules require that "each denial in an opponent's local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial. . . . Failure to provide specific citations to evidence in the record as required . . . may result in the Court deeming admitted certain facts that are supported by the evidence . . . or in the Court imposing sanctions, including . . . an order granting the motion [for summary judgment.]" D. Conn. L. Civ. R. 56(a)3.
At Plaintiff's criminal trial, Defendant Zhou testified that photos of her injuries were taken by her friend's boyfriend "two or three days" after the alleged assault. Trial Tr. at 25:27–26:12; 26:21–23. The court then admitted at least one photograph on the grounds that "[t]he testimony is clear that [Defendant Zhou] indicated that it is a fair and accurate photograph of the injuries. And it was taken two or three days after the incident in which the injuries were inflicted." *Id.* at 29:13–18. Plaintiff does not deny that the person depicted in the photographs is Defendant Zhou, nor does he deny that the bruises reflected in the photograph are real injuries. Thus, for purposes of this ruling only, the court presumes that the photographs submitted with Officer Tangney's motion for summary judgment are a true and accurate depiction of injuries suffered by Defendant Zhou prior to her interview with Officer Tangney. Whether the injuries depicted in the photograph were caused by the alleged assault is an issue of fact to be resolved by a jury.

After Officer Tangney viewed the photographs, Defendant Zhou stated that she did not want Plaintiff to be arrested. Def. Tangney Stmt. at ¶ 5, ECF No. 33-2. Officer Tangney told Defendant Zhou that based on her account of the assault and the nature of the injuries, he would need to interview Plaintiff and would attempt to secure a warrant for his arrest. *Id.* at p. 17. Defendant Zhou then became "visibly upset" and asked Officer Tangney not to pursue an arrest and, instead, give Plaintiff "a last warning." *Id.* Officer Tangney expressed his concerns for the safety of both Defendant Zhou and her eleven-year old daughter, and that he would need to investigate further. *Id*. at ¶ 6. Defendant Zhou began to cry. *Id.* at p. 17.

After concluding the interview with Defendant Zhou, Officer Tangney asked Defendant Zhou to stay at the casino so he that he could interview Plaintiff at their apartment in Norwich. *Id.* When Officer Tangney arrived at the apartment, he discovered both Defendant Zhou and her daughter had arrived there before him. *Id.* Officer Tangney asked them to step outside with another officer while he interviewed Plaintiff. *Id.* at ¶ 7. Officer Tangney then interviewed Plaintiff in the kitchen. *Id.*

Plaintiff admitted that he and Defendant Zhou had been verbally arguing on the afternoon of August 16, 2015, but he denied hitting her. *Id.* at ¶ 8. When Officer Tangney asked how Defendant Zhou had gotten multiple bruises on her legs and arms, as depicted in the photographs, Plaintiff stated "[s]he gets bruised like that all the time. I think it is a medical condition." *Id.* Plaintiff became increasingly agitated and raised his voice, stating that "[t]his is an abuse of police power" and "[i]f you think I did this to her arrest me. You do not have any proof." *Id.*

Officer Tangney believed that based on the above facts and circumstances, probable cause existed for Plaintiff's arrest. *Id.* at ¶ 9. On August 23, 2015, Officer Tangney drafted an application for an arrest warrant. *Id.* The application requested that a warrant be issued charging Plaintiff with two counts: (1) third degree assault in violation of Conn. Gen. Stat. 53a-61; and (2) disorderly conduct in violation of Conn. Gen. Stat. 53a-182. *Id.* at p. 14. In his affidavit for the arrest warrant, Officer Tangney stated that he viewed photographs of the injuries Defendant Zhou had suffered on August 16, 2015. *Id.* at p. 16-17. However, Officer Tangney failed to note that Defendant Zhou had no bruises on her arms or face at the time that he interviewed her six days later (on August 22, 2014). *Id.* The affidavit also fails to state that Officer Tangney did not visibly examine Defendant Zhou beyond her arms. *Id.*

On August 24, 2015, the arrest warrant was signed by state Superior Court Judge Timothy D. Bates. *Id.* at ¶ 9. Plaintiff was arrested later that day. *Id.* On April 26, 2017, Plaintiff was tried in Superior Court, with Judge Arthur C. Hadden presiding. *Id.* at 19. Plaintiff was tried solely on the count of third-degree assault, and the trial lasted one day. *Id.* at ¶ 10. The jury found Plaintiff not guilty.

On June 10, 2019, Plaintiff commenced this action against Defendant Zhou and Officer Tangney for malicious prosecution. ECF No. 1. In his Amended Complaint, Plaintiff alleges that Defendant Zhou "falsely and maliciously stated . . . that the Plaintiff had assaulted her and had inflicted physical injuries over many portions of her body," while knowing that "these accusations were false." Am. Compl. at ¶ 6, ECF No. 28. Plaintiff alleges that Defendant Zhou was "motivated by a desire to sever her longstanding

relationship with the plaintiff, to prevent the plaintiff from having a relationship with their minor daughter, and to obtain money from the plaintiff." *Id.*

With respect to Officer Tangney, Plaintiff alleges that he "maliciously and intentionally omitted the crucial fact that, although defendant Zhou claimed that the assault had taken place only very recently, she exhibited no bruising whatsoever." *Id.* at ¶ 7. Plaintiff alleges that both Defendant Zhou and Officer Tangney "violated plaintiff's right to be free from malicious prosecution in violation of the common law of the State of Connecticut," and that Officer Tangney further violated Plaintiff's "right to be free from malicious prosecution, a right secured . . . by the Fourth Amendment." *Id.* at ¶ 10–11.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the moving party can show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (citations omitted). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.* The court must also disregard all evidence favorable to the moving party that the jury is not required to believe. *Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012). "Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary

judgment is not appropriate." *Id.* (citing Fed. R. Civ. P. 56(e) Advisory Committee Note (1963)).

A party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). "[A] party may not 'rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.'" *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) (quoting *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986)). Instead, the party opposing summary judgment must set forth in their response "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 243. "Where no rational finder of fact could find in favor of the nonmoving party because the evidence to support its case is so slight, summary judgment must be granted." *Brown*, 654 F.3d at 358 (internal quotation marks omitted).

At the summary judgment stage, the judge's function is "not to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue" of material fact for trial. *Anderson.*, 477 U.S. at 249. The substantive law will identify which facts are material, and only disputes over facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment. *Id.* at 248. When reasonable persons, applying the proper legal standards, could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury. *See Sologub v. City of New York,* 202 F.3d 175, 178 (2d Cir.2000).

### III.  DISCUSSION

Both Officer Tangney and Defendant Zhou have moved for summary judgment with respect to the Amended Complaint's singular count of malicious prosecution. The court will address each motion in turn.

  a. <u>Officer Tangney</u>

The court has reviewed Judge Vatti's thorough and well-reasoned recommended ruling granting Officer Tangney's motion for summary judgment. Recommended Ruling, ECF No. 50. The court agrees with Judge Vatti's conclusion that no reasonable jury would find that Officer Tangney had acted without probable cause when procuring Plaintiff's arrest. *Id.* at 11. Defendant Zhou's statements to Officer Tangney, the photographs depicting her injuries, and Plaintiff's statements during his interview, together are sufficient to reasonably persuade an impartial and reasonable mind to believe that criminal activity occurred. *Id.* at 9–10. *See also Walczyk v. Rio*, 496 F.3d 139, 156 (2d Cir. 2007) ("[W]e observe that federal and Connecticut law are identical in holding that probable cause to arrest exists when police officers have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."). Further, as Judge Vatti aptly noted, whether the state failed to meet its burden of proof beyond a reasonable doubt at the criminal trial of Plaintiff "has no bearing upon whether probable cause existed at the time of the warrant application." Recommended Ruling at 14 (citations omitted). And if Plaintiff cannot show that Officer Tangney acted without probable cause, the malicious prosecution claim under § 1983 fails. *See Johnson v. Fallon*, No. 3:07CV605 (SRU), 2009 WL 513733, at *4 (D.

8

Conn. Feb. 10, 2009) (noting that the plaintiff cannot prevail on a malicious prosecution claim where the arrest is supported by probable cause).

Finally, the court agrees with Judge Vatti's conclusion that even in the absence of probable cause, Officer Tangney is entitled to summary judgment on the grounds of qualified immunity. Recommended Ruling at 15. Because Plaintiff has not filed an objection to the recommended ruling, the court does not find the need to "make a de novo determination" of the recommended ruling. *See* D. Conn. L. Civ. R. 72.2(b) ("In the event of such objection, in matters acted on by the Magistrate Judge in an advisory capacity, . . . the Judge ultimately responsible shall make a de novo determination of those portions of the proposed decision to which objection is made . . . [a]bsent such objection, the Judge ultimately responsible may forthwith endorse acceptance of the proposed decision."). Accordingly, the recommended ruling is adopted in full, and Officer Tangney's motion for summary judgment hereby is **GRANTED**.

   b. Defendant Zhou

      i. *Procedural Background*

As an initial matter, the undersigned notes that Defendant Zhou filed her summary judgment motion more than six months after the (August 30, 2021) deadline for dispositive motions set by the prior court. *Compare* Order, ECF No. 40*, with* Def. Zhou's MSJ, ECF No. 51. After the court denied Defendant Zhou's motion to dismiss (ECF No. 36), Defendant Zhou filed a joint status report in which she indicated that her counsel, Attorney Chan, intended to file a dispositive motion by August 30, 2021. ECF No. 39. Accordingly, the court (*Hon. Charles S. Haight, Jr., J.*) reset the deadline for dispositive motions to

9

August 30, 2021. ECF No. 40. Defendant Zhou, however, failed to submit a motion until March 19, 2022. ECF No. 51.

After the case was transferred to the undersigned, the court issued an order on January 14, 2022, directing Defendant Zhou to show cause why she had missed the deadline of August 30, 2021. ECF No. 46. In responding to the show cause order, Attorney Chan represented that Officer Tangney's motion for summary judgment "is entirely dispositive of the matter," and that "a granting of summary judgment would equally apply to Defendant Zhou." ECF No. 48. Attorney Chan appeared to now rely on Officer Tangney's motion for summary judgment despite previously representing to the court that Defendant Zhou intended to move for summary judgment separately. *Compare id., with* ECF No. 39. Nevertheless, Defendant Zhou eventually took advantage of the prior court's opportunity to file a dispositive motion by filing a motion for summary judgment on March 28, 2022. Def. Zhou's MSJ, ECF No. 51.

The court notes that Defendant Zhou's Local Rule 52(a)(1) statement of facts is a duplicate copy of Officer Tangney's. *Compare* Def. Zhou Stmt., ECF No. 51-1*, with* Officer Tangney Stmt., ECF No. 33-2. Moreover, portions of the legal analysis are copied verbatim from Officer Tangney's motion. *Compare* Def. Zhou's MSJ at 5-14*, with* Officer Tangney's MSJ at 5-12.

Because Attorney Chan has replicated Officer Tangney's motion for summary judgment nearly in its entirety, Defendant Zhou now moves for summary judgment with respect to a § 1983 claim for malicious prosecution. Def. Zhou MSJ, ECF No. 51-2. Plaintiff, however, asserts only a state law claim of malicious prosecution against Defendant Zhou. Am. Compl. at ¶ 11, ECF No. 28. Moreover, the court previously

dismissed "any claim against Defendant Zhou under section 1983." Ruling at 8–9, ECF No. 27.  Indeed, Defendant Zhou was the one who moved to dismiss Plaintiff's original complaint on the grounds that she could not be held liable for a § 1983 claim because she was not a state actor.  Def. Zhou's Mot. to Dismiss, ECF No. 25.  Recognizing that "a suit [for malicious prosecution under section 1983] is proper where: . . . the defendant is a *state actor*," *Spak v. Phillips*, 857 F.3d 458, 461 n.1 (2d Cir. 2017), this court then dismissed any § 1983 claim against Defendant Zhou, to the extent that such a claim could be inferred from the complaint.  Ruling at 8.  ECF No. 27.  The court agreed with Plaintiff that the complaint "asserts only a Connecticut common law malicious prosecution claim against [Defendant Zhou]," rather than any federal claim.  *Id*.

The court ultimately granted Defendant Zhou's motion to dismiss, because Plaintiff failed to allege that Defendant Zhou acted with malice (a necessary element of a state common law malicious prosecution claim).  However, the court allowed Plaintiff to re-plead.  Plaintiff then filed an Amended Complaint including the allegations of Defendant Zhou's malice.  Like the original complaint, the Amended Complaint does not contain any federal claim against Defendant Zhou. [2]  Regardless, since a malicious prosecution claim brought pursuant to § 1983 is governed by state law, the discrepancy in Defendant Zhou's summary judgment motion does not affect the court's analysis of a state law claim of malicious prosecution.[3]

---

[2]     The court notes that Defendant Zhou's pending summary judgment motion repeats the same argument contained in her motion to dismiss: that she cannot be held liable under a § 1983 claim because she is not a state actor. *Compare* Def. Zhou's Mot. to Dismiss at 5, ECF No. 27, *with* Def. Zhou's MSJ at 14, ECF No. 51-2.  Because the Amended Complaint does not state any § 1983 claim against Defendant Zhou, the court will not address this argument.

[3]     The court retains jurisdiction over Plaintiff's state law claim against Defendant Zhou under principles of supplemental jurisdiction under 28 U.S.C. § 1367, which "applies where the state law claim in question arises out of the same set of facts that give rise to an anchoring federal question claim."

Before addressing whether summary judgment is proper as to the state law claim against Defendant Zhou, the court finds it necessary to address the actions of Defendant Zhou's counsel.  After filing her appearance on January 19, 2020, Attorney Chan missed the court's summary judgment deadline of August 30, 2021 by almost six months.  *See* ECF Nos. 24, 40.  In addition—and of similar concern—counsel has copied in verbatim the inapplicable portions of a motion filed by a differently-situated codefendant.  As a result, Attorney Chan now submits a summary judgment motion which fails to address the precise legal issues applicable to her client.  The court has demonstrated leniency by allowing counsel to file a belated motion more than six months after the original deadline.  However, in light of the above-mentioned conduct, the court hereby warns counsel that future noncompliance with court orders will not be tolerated.

    ii.   *Malicious Prosecution Claim*

Under Connecticut law, "[a]n action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *McHale v. W.B.S. Corp.,* 187 Conn. 444, 447 (1982).  "The law governing malicious prosecution seeks to accommodate two competing and ultimately irreconcilable interests.  It acknowledges that a person wrongly charged with criminal conduct has an important stake in his bodily freedom and his reputation, but that the community as a whole has an even more important stake in encouraging private citizens to assist public officers in the enforcement of the criminal law." *Id.* at 447–48.

The court finds that Defendant Zhou has not initiated a criminal proceeding, because she did not pressure Officer Tangney, or any other law enforcement officer, in procuring a warrant for Plaintiff's arrest.  In his affidavit for an arrest warrant, Officer Tangney specifically noted that Defendant Zhou did *not* want Plaintiff to be arrested. Officer Tangney's Stmt. at p. 16–17, ECF No. 33-2.  Instead, she asked Officer Tangney to give Plaintiff "a last warning."   *Id.* at 17.  When Officer Tangney expressed that he would attempt to secure a warrant for the arrest of the accused, she became "visibly upset" and "began to cry."  *Id.* at 17.  Regardless, the court cannot provide Defendant Zhou with the limited immunity afforded to private persons facing a claim of malicious prosecution.  Such immunity is proper only when the person "has made a full and truthful disclosure" to the law enforcement officer.  *McHale*, 187 Conn. at 448.  However, whether Defendant Zhou made "a full and truthful disclosure" is a question of fact best suited for a jury.

B.     Whether Defendant acted without probable cause.

The third element of a malicious prosecution claim is whether the defendant acted without probable cause.  "Probable cause has been defined as the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for prosecuting an action. . . . Mere conjecture or suspicion is insufficient." *Zenik v. O'Brien*, 137 Conn. 592, 597 (Conn. 1951) (citations omitted).  "The burden is upon the plaintiff to prove affirmatively, by circumstances or otherwise, that the defendant had no reasonable ground for instituting the criminal proceeding."  *Id.*  The Connecticut Supreme Court has clarified that "[t]he very same facts that support a finding that the defendant initiated the

underlying criminal prosecution also support a finding that the defendant lacked probable cause to institute that action." *Bhatia*, 287 Conn. at 411.

Defendant Zhou argues that any finding that Officer Tangney acted with probable cause equally is applicable to her. The court disagrees. If Defendant Zhou knowingly gave Officer Tangney false information, she would be found to have acted without probable cause even if Officer Tangney, who had a reasonable belief in the information presented to him, acted with probable cause. Thus, whether Defendant Zhou acted with probable cause depends on *her* knowledge of the facts reasonable to seek prosecution––not on Officer Tangney's knowledge of the facts.

The parties have a material disagreement as to whether Defendant Zhou's knowledge of the facts would "justify a reasonable person in the belief that [she] has reasonable grounds for prosecuting an action." *Id.* at 410. The court cannot determine whether Defendant Zhou acted with probable cause without first making a credibility determination as to the truth of her claim that Plaintiff assaulted her on August 16, 2015. "The district court is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996) (noting that it is inappropriate to grant summary judgment even if it is "more likely than unlikely" that there was probable cause). As with the initiation element of the malicious prosecution claim, the issue of probable cause is a question of fact for the jury.

    C. <u>Whether Defendant acted with malice.</u>

The final element of a malicious prosecution claim requires determining whether the defendant acted with malice. "Malice, in reference to [malicious prosecution], is any improper motive. It need not imply malignity, nor even corruption, in the appropriate sense of those terms." *Clegg v. Miller*, 18 Conn. Supp. 502, 503 (Conn. Super. Ct. 1954). Malice also may be inferred from a lack of probable cause. *Vandersluis v. Weil*, 176 Conn. 353, 356 (1978) (discussing malice in context of a vexatious litigation claim, but noting that "[a] vexatious suit is a type of malicious prosecution action" with basically identical elements); *see also Zenik*, 137 Conn. at 596-97 (noting that if there is evidence to support a lack of probable cause, the court need not consider the issue of malice since it may be inferred).

The propriety of Defendant Zhou's motivation in making her report to Officer Tangney necessarily depends on the disputes surrounding the events of August 16, 2015. *See Huaman v. Sirois*, No. 13CV484 (DJS), 2015 WL 5797005, at *18 (D. Conn. Sept. 30, 2015) (denying summary judgment on malicious prosecution claim because the events surrounding the alleged malicious prosecution were in dispute, and would impact the issue of malice). The court cannot determine whether Defendant Zhou acted with malice, without first making factual findings as to the incident underlying Plaintiff's claim.

Because factual findings are reserved for the jury, Defendant Zhou's motion for summary judgment (ECF No. 51) hereby is **DENIED.**

## IV.  CONCLUSION

For the reasons stated herein, the court hereby **ADOPTS** Judge Vatti's recommended ruling (ECF No. 50), and **GRANTS** Officer Tangney's motion for summary judgment (ECF No. 33). The court **DENIES** Defendant Zhou's motion for summary

judgment (ECF No. 51).  Within 14 days of this ruling, the parties shall file a joint status report indicating the following:

- The estimated length of trial;
- Whether the parties are interested in a referral to a United States Magistrate Judge for a settlement conference.

After receiving the parties' joint status report, the court will refer the case to a Magistrate Judge as requested or, in the alternative, will schedule the matter for trial and will issue instructions and deadlines for the joint trial memorandum and for all remaining pretrial motions.

**IT IS SO ORDERED.**   Entered at Hartford, Connecticut, this 21st day of September, 2022.

_____/s/_____<br>
OMAR A. WILLIAMS<br>
United States District Judge